UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERICK JEOVANNY RUIZ PEREZ, | COMPLAINT |
| Plaintiff, | Jury Trial Demanded |
| -against- | 22 CV 6353 |
| E.P.E ENTERPRISE CORP., JERUSALEM BEDDING CORP., PIERO TEJADA MAGAŃA; and CHRISTINA ACEVEA, | |
| Defendants. | |

Plaintiff Erick Jeovanny Ruiz Perez, by and through his attorneys, the law firm of Elefterakis, Elefterakis & Panek, alleges as follows:

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of defendants' violation of the Fair Labor Standards Act of 1938 ("FLSA") and New York Labor Law ("NYLL").

## JURISDICTION AND VENUE

2. This action is brought pursuant to the FLSA, 29 U.S.C. § 201 and jurisdiction is conferred by 28 U.S.C. § 1331. Plaintiff also invokes the Court's supplemental jurisdiction in accordance with 28 U.S.C. § 1367(a)

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

4. Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff Erick Jeovanny Ruiz Perez is a former employee of defendants E.P.E. Enterprise Corp. and Jerusalem Bedding Corp. Plaintiff worked as an operator and porter in a factory where mattresses were assembled. The work performed by plaintiff was essential to the business operated by defendants.

6. Defendants E.P.E. Enterprise Corp. and Jerusalem Bedding Corp. ("Corporate Defendants") are corporations organized under the laws of the State of New York. The Corporate Defendants operate a warehouse and factory located at 103 Powell Street, Brooklyn, New York.

7. At all relevant times, the Corporate Defendants were employers engaged in interstate commerce and/or the production of goods within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

8. The Corporate Defendants are an "enterprise engaged in commerce" within the meaning of the FLSA.

9. Upon information and belief, the Corporate Defendants each had gross revenues in excess of $500,000 during the years in which plaintiff was employed.

10. Defendants PIERO TEJADA MAGAŃA and CHRISTINA ACEVEA, upon information and belief, at all relevant times, owners and officers of the Corporate Defendants ("Owners").

11. The Owners were responsible, directly or indirectly, for the wage violations alleged herein.

12. The Owners exercised control over the terms and conditions of plaintiff's employment and had the power to hire and fire plaintiff, determine the rate and method of plaintiff's pay and otherwise affect the quality of plaintiff's employment.

13. The Owners participated in all aspects of the operations of the Corporate Defendants and willfully and intentionally committed the wage violations alleged herein. As a result, *inter alia*, the Owners are "joint employers" within the meaning the FLSA and NYLL and are jointly and severally liable to plaintiff.

14. Upon information and belief, the Corporate Defendants are jointly controlled and operate interchangeably as a single integrated enterprise, the same owners and directors, co-mingled assets and a consolidated work force, with the two corporations sharing power over the management of employees such as plaintiff, including their hiring, firing, wages, schedules and responsibilities.

15. Plaintiff was, upon information and belief, jointly employed and paid by the Corporate Defendants.

## STATEMENT OF FACTS

16. Plaintiff was hired by defendants and worked for defendants from 2008 until approximately July 23, 2021.

17. During his employment, plaintiff worked approximately 50-56 hours per week, but was only paid in "straight time," with no overtime payments.

18. Plaintiff was paid in cash by defendant Tejada Magaño.

19. Plaintiff's rate of pay:

| Date | Rate of pay |
| --- | --- |
| 2008-2010 | $13 per hour |
| 2011-2015 | $14 per hour |
| 2016-2019 | $16 per hour |
| Nov. 2020-July 2021 | $15 per hour |

20. During the entirety of his employment by the defendants, plaintiff was never paid overtime for the at least 10-16 hours per week in overtime he worked, as required by the FLSA and NYLL.

21. Defendants also failed to compensate plaintiff as required under "spread of hours" rules as established by the NYLL and applicable wage orders, although plaintiff often worked ten hours per day or more.

22. Defendants failed to provide plaintiff with wage statements or notices as required under the NYLL § 195(1) and (3).

23. Upon information and belief, defendants kept improper and inadequate records regarding compensation paid to plaintiff and otherwise failed to comply with the requirements of the FLSA and NYLL.

## FIRST CLAIM
### Fair Labor Standards Act – Overtime Wages

24. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

25. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA.

26. At all relevant times, each of the defendants have been, and continue to be, an employer engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, each defendant has employed "employee[s]," including plaintiff.

27. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to defendants and protect plaintiff.

28. Plaintiff worked in excess of forty hours each of the weeks he worked in the relevant time period.

29. Plaintiff at all times relevant has been a nonexempt employee of defendants.

30. Defendants willfully failed to pay plaintiff one-and-one-half times his regular rate of pay for all work in excess of forty hours per workweek.

31. Defendants' unlawful conduct, as described herein, has been willful and intentional. Defendants were aware or should have been aware that the practices described herein were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

32. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

33. As a result of defendants' violations of the FLSA, plaintiff has been deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## SECOND CLAIM
### New York Labor Law – Overtime Wages

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to defendants, and protect plaintiff.

36. At all times relevant plaintiff has been a non-exempt employee of defendants.

37. Defendants have failed to pay plaintiff overtime wages to which he has been entitled under the NYLL and the supporting New York state Department of Labor Regulations – at a rate of 1.5 times his regular rate of pay – for all hours worked in excess of 40 per workweek.

38. Defendants have failed to keep, make, preserve, maintain, and furnish accurate records of time worked by plaintiff.

39. Through their knowing or intentional failure to pay plaintiff overtime wages for hours worked in excess of 40 hours per week, defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

40. Due to defendants' violations of the NYLL, plaintiff is entitled to recover from defendants his unpaid overtime wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### THIRD CLAIM
**New York Labor Law – Spread of Hours**

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. Throughout the statute of limitations period covered by these claims, plaintiff regularly worked ten or more hours in a workday.

43. Defendants willfully failed and intentionally failed to compensate plaintiff one hour's additional pay as required by New York State law.

44. Through their knowing or intentional failure to pay plaintiff spread of hours wages, defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

45. Due to defendants' violations of the NYLL, plaintiff is entitled to recover from defendants their unpaid overtime wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CLAIM
### New York Labor Law – Failure to Provide Proper Wage Statements

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. Defendants have willfully failed to furnish plaintiff with statements with every payment of wages as required by NYLL, Article 6, § 195(3), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate

or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

48. Through their knowing or intentional failure to provide plaintiff with the wage statements required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

49. Due to defendants' willful violations of NYLL, Article 6, § 195(3), plaintiff is entitled to statutory penalties of two hundred fifty dollars for each workweek that defendants failed to provide plaintiff with proper wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

### FIFTH CLAIM
**New York Labor Law – Failure to Provide Proper Annual Wage Notices**

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. Defendants have willfully failed to furnish plaintiff with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the

employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

52. Through their knowing or intentional failure to provide plaintiff with the annual wage notices required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

53. Due to defendants' willful violations of NYLL, Article 6, § 195(1), plaintiff is entitled to statutory penalties of fifty dollars for each day that defendants failed to provide plaintiff with proper annual wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## SIXTH CLAIM
### New York Labor Law – Recordkeeping Violation

54. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55. Defendants have willfully failed to supply plaintiff notice as required by NYLL, Article 6, § 195, in English or in the language identified by plaintiff as his primary language, containing plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

56. Defendants have willfully failed to supply plaintiff and the members of the Rule with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or

other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

57. Due to defendants' violations of the NYLL, plaintiff is entitled to recover from defendants one hundred dollars for each work week that the violations occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL, Article 6, §§ 190 et seq., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Unpaid overtime compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

(b) Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the NYLL, Article 6, §§ 190 et seq., NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

(c) Unpaid overtime and spread of hours compensation, along with liquidated damages and interest, as permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(d) Statutory penalties of fifty dollars for each day that defendants failed to provide plaintiff with proper annual wage notices, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(e) Statutory penalties of one hundred dollars for each work week that the violations of NYLL, Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL, Article 6 § 198(1)-d.

(f) Statutory penalties of two hundred fifty dollars for each workweek that defendants failed to provide plaintiff with proper wage statements, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(g) Prejudgment and post-judgment interest;

(h) An injunction requiring defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

(i) Reasonable attorneys' fees and costs of the action; and

(j) Such other relief as this Court shall deem just and proper.

Dated: October 20, 2022
New York, New York

Elefterakis, Elefterakis & Panek

_____
Gabriel P. Harvis
Baree N. Fett
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116
gharvis@eeplaw.com

*Attorneys for plaintiff*