# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————————

№ 22-CV-6353 (DG) (RER)

———————————————

ERICK JEOVANNY RUIZ PEREZ

VERSUS

E.P.E. ENTERPRISE CORP., *ET AL.*

———————————

**REPORT & RECOMMENDATION**

August 29, 2023

———————————

**TO THE HONORABLE DIANE GUJARATI**
**UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.**

Plaintiff Erick Jeovanny Ruiz Perez ("Plaintiff") commenced this action against E.P.E. Enterprise Corp. and Jerusalem Bedding Corp. ("Corporate Defendants"), and Piero Tejada Magaña (Tejada Magaña) and Christina Acevea ("Acevea"), individual owners and officers of the Corporate Defendants (together, "Owners") (collectively with the Corporate Defendants, "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190 and 650 *et seq.* (ECF No. 1 ("Compl.") ¶¶ 5–6, 10–13). Currently before the Court is Plaintiff's Motion for Default Judgment (ECF No. 17 ("Motion")), which Your Honor has referred to me for a Report and Recommendation. (Order dated 2/16/2023). For the reasons set forth herein, I respectfully recommend that the Motion be granted in part and denied in part, and that liability be imposed on the Corporate Defendants, jointly and severally, for $112,106.90 in damages, comprised of:

1

$37,083.14 in unpaid overtime wages, $1,182 in unpaid spread-of-hours wages, $38,265.14 in liquidated damages, $10,000 in statutory damages; $14,624.62 in pre-judgment interest, plus $9.43 per diem until the date judgment is entered, post-judgment interest in accordance with 28 U.S.C. § 1961, and $10,952 in attorney's fees and costs. I further recommend that the Motion be denied without prejudice as to Tejada Magaña, and denied with prejudice as to Acevea.[1]

## **BACKGROUND**

I.    Factual Background[2]

  Defendants own and operate a warehouse and mattress assembly factory located at 103 Powell Street in Brooklyn, New York. (Compl. ¶ 6; ECF No. 17-1 ("Pl's Mem.") at 2). During various periods between 2008 and 2021, Plaintiff worked in Defendants' warehouse and factory as an operator and porter. (Compl. ¶ 5). During the relevant periods, Plaintiff was paid $18 per hour from October 20, 2016 to December 31, 2019, and $15 per hour from January 1, 2020 to February 28, 2020, and September 1, 2020 to November 20, 2020. (ECF No. 22 ("Inquest Tr.") at 10:10–11:19). Plaintiff alleges that he regularly worked overtime, yet he was paid at his regular rate, or "straight-time" wages, rather than the statutory one and one-half overtime pay rate. (Compl. ¶ 17). Plaintiff testified that throughout his employment he worked an average of 22 hours and 30

---

[1] Hannah Ritter, a second-year student at the Cornell Law School and an intern in my Chambers, provided substantial assistance in researching and drafting this Report and Recommendation.

[2] The facts herein are drawn primarily from the Complaint and "are taken as true for purposes of this motion." *Campos v. Aegis Realty Mgmt. Corp.*, No. 19 Civ. 2856 (KPF), 2020 WL 433356, at *1 (S.D.N.Y. Jan. 28, 2020) (citing *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Additional facts with respect to damages are drawn from Plaintiff's testimony at the inquest hearing held on July 19, 2023 (ECF No. 22), and materials Plaintiff submitted in support of his Motion (ECF Nos. 19, 24). *See Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012) ("Where, on a damages inquest, the plaintiff makes a damages submission, . . . the court may determine the adequacy of the plaintiff's damages claim based on its submitted proofs.").

minutes[3] of overtime each week. (Inquest Tr. at 15:18–17:14, 18:6–19:11; 23:22–24:13). In addition, Plaintiff alleges that he was not paid spread-of-hours wages -- one extra hour of pay for each day he worked ten hours or more -- as required by the NYLL. (Compl. ¶ 21). Specifically, Plaintiff testified that throughout his employment, he worked ten hours or more for four days each week but did not receive spread-of-hours pay. (Inquest Tr. at 15:18–17:14). Finally, Plaintiff alleges that Defendants failed to provide wage statements and notices, and generally failed to keep adequate payroll records. (Compl. ¶¶ 22–23).

II.   Procedural History

Plaintiff commenced this action on October 20, 2022. (*See* Compl.). On November 1, 2022, Plaintiff personally served a copy of the Summons and Complaint on the Owners via an employee at Defendants' warehouse and factory at 103 Powell Street in Brooklyn, New York (i.e., the Owner's place of business). (ECF Nos. 10–11; *see* Fed. R. Civ. P. 4; N.Y. C.P.L.R. § 308 (allowing service upon an individual "to a person of suitable age and discretion at the actual place of business")). On the same date, Plaintiff personally served a copy of the Summons and Complaint on the Corporate Defendants at the warehouse and factory via a manager authorized to accept service. (ECF Nos. 9, 12; *see* Fed. R. Civ. P. 4). In addition, on November 2, 2022, Plaintiff mailed a copy of the Summons and Complaint to each Owner at the same warehouse and factory (ECF Nos. 10–11). Finally, on November 17, 2022, Plaintiff served the Corporate Defendants via the New York Secretary of State. (ECF Nos. 13, 14; *see* N.Y. Bus. Corp. Law § 306(b)(1)).

---

[3] Plaintiff testified that he typically worked from Monday through Thursday, working two of those days from 7 A.M. to 7 P.M., and two of those days from 7 A.M. to 8:30 P.M., with 45 minutes of break time each day. (Inquest Tr. at 15:18–17:14; 23:22–24:13). Plaintiff testified that he also worked on Fridays from 7 A.M. to 4:30 P.M., with 45 minutes of break time each Friday, and on Saturday from 7 A.M. to 1 P.M., with 15 minutes of break time each Saturday. (*Id.*). This amounts to 62 hours and 30 minutes of work each week, or 22 hours and 30 minutes of overtime.

On January 26, 2023, after Defendants failed to answer the Complaint or otherwise appear, Plaintiff requested a Certificate of Default from the Clerk of the Court. (ECF No. 15). On February 1, 2023, the Clerk of Court entered the Certificate of Default. (ECF No. 16). On February 15, 2023, Plaintiff moved for default judgment, seeking damages for unpaid wages under the FLSA and NYLL, statutory damages for Defendants' failure to provide wage notices and statements under the NYLL, pre- and post-judgment interest, and reasonable attorney's fees and costs. (Pl's Mem. at 3–8).[4] On June 9, 2023, I issued an Order reminding Plaintiff of Local Civil Rule 55.2(c)'s requirement that "all papers submitted in support of a motion for default judgment 'be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)'" and that "'[p]roof of such mailing shall be filed with the Court.'" (Order dated 6/9/2023 (quoting Loc. Civ. R. 55.2(c))). On June 13, 2023, Plaintiff filed an affidavit confirming that on February 22, 2023, he mailed the Motion and all accompanying papers to the Corporate Defendants and Owners at their "last known address": 103 Powell Street in Brooklyn, New York. (ECF No. 18).

On July 19, 2023, the Court held an inquest hearing to assess Plaintiff's damages. (Minute Entry dated 7/19/2023). In connection with the hearing, Plaintiff provided the Court with pre-hearing damages calculations (ECF No. 19-1), an employment certificate (ECF No. 19-2), post-

---

[4] Plaintiff does not seek default judgment on the "failure to keep adequate records" claim articulated in the Complaint. (Compl. ¶ 11). To be sure, while recordkeeping failures violate the NYLL (N.Y. Lab. Law § 195(4)), there is no separate cause of action to recover from a failure to keep weekly payroll records. *See Wuzi Jiao v. Kitaku Japanese Rest. Inc.*, No. 16- CV-2694 (RRM) (RML), 2020 WL 2527588, at *15 (E.D.N.Y. Mar. 13, 2020), *adopted by* 2020 WL 2523109 (May 18, 2020) (holding that there is no separate cause of action when an employer violates New York's recordkeeping requirements).

hearing damages calculations (ECF No. 24), and a declaration and receipts supporting his request for attorney's fees and costs (ECF Nos. 24-3 ("Decl."), 24-2 ("Receipts")).

## <u>DISCUSSION</u>

I.   <u>Default Judgment Legal Standard</u>

Federal Rule of Civil Procedure 55 requires a party seeking a default judgment to first (1) obtain an entry of default, and next (2) move for a judgment of default. Fed. R. Civ. P. 55; *see Priestley v. Headminder, Inc.*, 647 F.3d 497, 504–505 (2d Cir. 2011). Rule 55(a) requires that the clerk enter a default where the party "against whom affirmative relief is sought has failed to plead or otherwise defend," and "that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Local Civil Rule 55.1 requires that a party seeking an entry of default file: (1) a request for Clerk's Certificate of Default, and (2) an affidavit demonstrating that "the party against whom a notation of default is sought is not an infant, in the military, or incompetent," that the party "failed to plead or otherwise defend," and that "the pleading was properly served." Loc. Civ. R. 55.1.

Once the Clerk of Court enters a Certificate of Default, the plaintiff must apply for default judgment. Fed. R. Civ. P. 55. Local Civil Rule 55.2(b) requires that the plaintiff append the following to their default judgment application: "(1) the Clerk's Certificate of Default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." Loc. Civ. R. 55.2. Additionally, the moving party must follow the individual local rules for proper service of the motion papers. *Miss Jones, LLC v. Viera*, No. 18-CV-1398 (NGG) (SJB), 2019 WL 926670, at *4 (E.D.N.Y. Feb. 5, 2019), *adopted by* 2019 WL 955279 (Feb. 26, 2019) (denying default judgment motion as to individual defendants when plaintiff failed to submit proof of mailing of the motion to the defendants' last known residential address).

A defaulting defendant has admitted "all of the well pleaded allegations of liability" in the plaintiff's complaint. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992). Nevertheless, "the plaintiff [still] bears the burden of showing that he is entitled to recovery." *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 29 (E.D.N.Y. 2015) (citing cases). To do so, a plaintiff's complaint must contain "specific facts which would allow the Court to infer defendants' liability rather than mere 'labels and conclusions' or 'formulaic recitation[s] of the elements.'" *Ore v. H & C Cleaning Corp.*, No. 22-CV-20 (AMD) (RER), 2022 WL 19520879, at *3 (E.D.N.Y. Dec. 14, 2022) (quoting *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033 at *3 (E.D.N.Y. Sept. 1, 2015), *adopted by* 2015 WL 5561180 (Sept. 21, 2015)). The Court has "'sound discretion' to grant or deny the motion for a default judgment" when considering Plaintiff's compliance with procedural requirements and/or the plausibility of Plaintiff's right to recovery. *Fermin*, 93 F. Supp. 3d at 29 (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. Dec. 8, 1993)).

## II.    Plaintiff Failed to Comply with Local Civil Rule 55.2(c) with Respect to the Owners

"A motion for default judgment will not be granted unless the party making that motion adheres to certain local and individual rules." *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474 (ENV) (PK), 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015). Local Civil Rule 55.2(c) requires that all motion papers and accompanying documents submitted to the court "simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)." Loc. Civ. R. 55.2. Plaintiff must file proof of such mailing with the court. *Id.* Although a plaintiff may mail motion papers to the business addresses of corporate defendants, "[m]ailing default judgment motion papers to an individual defendant's business does

not satisfy Local Civil Rule 55.2(c)." *Ore*, 2022 WL 19520879, at *6 (denying a plaintiff's motion for default judgment where the plaintiff mailed the motion papers to [an individual] defendant's business address instead of their last known residence) (citing *Chocolatl v. Rendezvous Café, Inc.*, No. 18-CV-3372 (CBA) (VMS), 2020 WL 3002362, at *4 (E.D.N.Y. Feb. 20, 2020).

Plaintiff has not adequately complied with Local Civil Rule 55.2(c) because he failed to establish that the motion papers were mailed to the Owners' last known residence(s). Rather, Plaintiff mailed all Motion papers to 103 Powell Street in Brooklyn, New York (ECF No. 18), which the Complaint describes as the warehouse and factory that the Corporate Defendants operate (Compl. ¶ 6). While Plaintiff has sufficiently shown that the warehouse and factory is the Corporate Defendants' last known business address (*see* ECF No. 18; *see also* ECF Nos. 13, 14), he has offered no indication that the warehouse and factory is the Owners' last known residence(s). Therefore, Plaintiff failed to comply with Local Civil Rule 55.2(c) with respect to the Owners.[5]

\*       \*       \*

Accordingly, I respectfully recommend the Court deny without prejudice Plaintiff's Motion with respect to Tejada Magaña, and deny with prejudice Plaintiff's Motion with respect to Acevea. The Court herein considers the Motion only with respect to the Corporate Defendants.

III.    Liability Under FLSA and NYLL

Plaintiff seeks to impose liability pursuant to the FLSA and NYLL. (Compl. ¶ 1). To do so, Plaintiff must establish that a "non-exempt employer-employee relationship exists." *Diaz v. Rene French Cleaners Inc.*, No. 20-CV-3848 (RRM) (RER), WL 4646866, at *4 (E.D.N.Y. Aug. 29,

---

[5] Furthermore, at the July 19, 2023, inquest hearing, Plaintiff testified that Acevea was not involved in the day-to-day operations of E.P.E. Enterprise Corp. (Inquest Tr. at 20:23–21:5), nor was she involved in payments to Plaintiff (*id.* at 21:6–23). Despite the allegations in the Complaint, the Court cannot overlook Plaintiff's testimony that he and Acevea did not have an employer-employee relationship. Plaintiff has therefore failed to establish that Acevea is an employer subject to liability under the FLSA and NYLL. *See Salinas v. Starjem Rest. Corp.*, 123 F. Supp. 3d 442, 463 (S.D.N.Y. 2015) (holding that individual defendant was not an employer after applying "economic realities" test).

2022), *adopted by* 2022 WL 4662247 (Sept. 30, 2022) (citing *Liu v. Millennium Motors Sports, LLC*, No. 17-CV-6438 (RPK) (RER), 2021 WL 4268136, at *3 (E.D.N.Y. May 24, 2021)). To impose liability under the FLSA, a plaintiff must show that he "performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). The NYLL adopts the same legal standard. *Nakahata v. New York–Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013). Since the NYLL is "the state analogue to the federal FLSA" with overtime provisions that "mirror[] the FLSA," an analysis based on federal law "applies equally to . . .  claims under the FLSA and the NYLL." *Marcus v. Lominy*, No. 18 Civ. 1857 (NSR), 2022 WL 493688, at *13 (S.D.N.Y. Feb. 17, 2022). Thus, a court only needs to find liability under one statute to impose liability under the other statute. *Jaime v. David and Son's Constr. Corp.*, No. 17-CV-1499 (ADS) (ARL), 2018 WL 4863658, at *4 (E.D.N.Y. Aug. 30, 2018), *adopted by* 2018 WL 4863594, at *13 (Sept. 28, 2018).

A.  Corporate Defendants are Employers Within the Meaning of the FLSA and NYLL

The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The term "person" in this definition may be an "individual" or "any organized group of persons," including corporations. 29 U.S.C. § 203(a). The FLSA applies to employees who were "personally engaged in interstate commerce or in the production of goods for interstate commerce" (i.e., individual coverage) or to any person "employed in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce" (i.e., enterprise coverage). *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 120 (E.D.N.Y. 2011). With respect to enterprise coverage, an enterprise is deemed to be engaged in commerce when (i) its employees handle, sell, or work on "goods or materials

that have been moved in or produced for commerce," and (ii) the enterprise has "an annual gross volume of sales" of at least $500,000. *Fermin*, 93 F. Supp. 3d at 33.

Plaintiff asserts that the FLSA applies to the Corporate Defendants through enterprise coverage. (*See* Compl. ¶ 8). Plaintiff alleges that he was employed by an "enterprise engaged in interstate commerce and/or the production of goods" which collected gross annual sales exceeding $500,000 during the years which Plaintiff was employed. (*Id.* ¶¶ 7–9). Although somewhat conclusory, Plaintiff's pleadings are sufficient to establish enterprise liability. *See Reyes-Fana v. Moca Grocery NY Corp.*, No. 21-CV-4493 (AMD) (RER), 2022 WL 5428688, at *5 (E.D.N.Y. Aug. 16, 2022), *adopted by* 2022 WL 4094241 (Sept. 7, 2022) (holding conclusory allegations are sufficient so long as "the court can infer that the enterprise was engaged in interstate commerce"). Here, the Court infers that the warehouse and mattress assembly factory engaged in interstate commerce. *See Mondragon v. Keff*, No. 15-CV-2529 (JPO) (BCM), 2019 WL 2551536, at *9 (S.D.N.Y. May 31, 2019) (inferring enterprise coverage for knitting factory), *adopted by* 2019 WL 2544666 (June 20, 2019). Thus, by establishing enterprise coverage, Plaintiff has shown that the Corporate Defendants are employers under the FLSA.

B.  Plaintiff is a Non-Exempt Employee Under FLSA and NYLL

The FLSA defines an employee as "any individual employed by an employer." 29 U.S.C. § 203(e)(1); *see also* N.Y. Lab. Law § 651(5) (defining an employee as "any individual employed or permitted to work by an employer in any occupation"). Certain categories of workers are exempt from FLSA and NYLL overtime and minimum wage requirements. *See* 29 U.S.C. § 213; N.Y. Lab. Law § 651(5). "Federal courts apply the same standards to interpreting the exemptions under the FLSA as they do for the exemptions under the NYLL." *Karropoulos v. Soup du Jour, Ltd.*, 128 F. Supp. 3d 518, 527 (E.D.N.Y. 2015). However, "the burden of invoking

these exemptions rests upon the employer." *Bilyou v. Dutchess Beer Distrib., Inc.*, 300 F.3d 217, 222 (2d Cir. 2002) (citing *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 394 n.11 (1960)). Plaintiff alleges that he is a non-exempt employee of the defendants under the FLSA. (Compl. ¶ 29). By defaulting, the Corporate Defendants failed to invoke any applicable FLSA exemptions. Therefore, the statutory exemptions do not apply to Plaintiff.

C.  Plaintiffs Has Established Liability Under the FLSA and NYLL

Given that Plaintiff qualifies for protection under the FLSA as well as the NYLL, the Court now considers whether Plaintiff is entitled to default judgment on any of his claims for relief. To properly plead an FLSA or NYLL violation, a plaintiff must show that he "performed work for which he was not properly compensated." *Santillan v. Henao*, 822 F. Supp. 2d 284, 293–94 (E.D.N.Y. 2011) (quoting *Anderson*, 328 U.S. at 687).

For an unpaid overtime wage claim, a plaintiff must provide information "to 'support a reasonable inference that they worked over forty hours per week.'" *Santos v. Cancun & Cancun Corp. et al.*, No. 21-CV-0192 (LDH) (RER), 2022 WL 1003812, at *5 (E.D.N.Y. Feb. 17, 2022) (quoting *Kleitman v. MSCK Mayain Olam Habba Inc.*, No 11-CV-2817 (SJ) (JMA), 2013 WL 4495671, at *4 (E.D.N.Y. Aug. 20, 2013)). When a defendant defaults, they fail to raise any affirmative defense against the plaintiff's overtime pay claim, and thus, the employee's recollection of hours worked and wages earned is sufficient to hold the defendant liable for the overtime pay violation. *See Kleitman*, 2013 WL 4495671, at *4 (finding that plaintiff met his burden of proof based on his recollection of hours worked and wages earned, given the defendants' failure to assert an affirmative defense against the plaintiff's unpaid overtime claim).

Plaintiff alleges that he worked approximately ten to sixteen hours of overtime every week, but Corporate Defendants failed to pay him at the statutorily required overtime rate. (Compl. ¶¶

20, 30). Rather, Plaintiff was paid his regular rate of pay, or "straight time" wages, for his overtime hours throughout the course of his employment. (*Id.* ¶ 17). Since the Corporate Defendants have defaulted, they fail to invoke an affirmative defense against Plaintiff's overtime pay claim. Accordingly, Plaintiff's recollection and estimates of hours worked and wages earned is sufficient information to support a reasonable inference that an overtime violation occurred.

In addition, under the NYLL, employees are entitled to an additional hour of pay at the minimum wage rate for each day an employee works at least ten hours. 12 N.Y.C.C.R. § 142-2.4; *see Fermin*, 93 F. Supp. 3d at 46. Plaintiff worked ten or more hours per day for four days each week during the relevant period. (Inquest Tr. at 15:18–17:14). However, "the spread of hours pay requirement only applies to those employees making minimum wage" or under and "not to those making more than minimum wage." *Shu Qin Xu v. Wai Mei Ho*, 111 F. Supp. 3d 274, 281 (E.D.N.Y. 2015); *see Hernandez v. Delta Deli Market Inc.*, No. 18-CV-00375 (ARR) (RER), 2019 WL 643735, at *7 (Feb. 12, 2019) ("Only employees making the minimum wage rate, or less, are eligible for spread-of-hours compensation."). Plaintiff earned $18 per hour between October 20, 2016 and December 31, 2019 (Inquest Tr. at 10:10–18), which exceeded the statutory minimum wage.[6] Thus, Plaintiff is not entitled to spread-of-hours pay for his work performed between 2016 and 2019. Plaintiff earned $15 per hour from January 1, 2020 to February 28, 2020, and from September 1, 2020 to November 20, 2020 (Inquest Tr. at 10:19–11:19), which was equal to the statutory minimum wage. Thus, Plaintiff has established spread-of-hours pay liability for those periods.

---

[6] From January 1, 2016 to December 30, 2016, the New York State statutory minimum wage was set to $9 per hour. N.Y. Lab. Law § 652. From December 31, 2016 to December 30, 2017, the New York State statutory minimum wage was set to $11 per hour. N.Y. Lab. Law § 652. From December 31, 2017 to December 30, 2018, the New York State statutory minimum wage was set to $13 per hour. N.Y. Lab. Law § 652. Starting from December 31, 2018, and continuing into present day, the New York State minimum wage has been set at $15 per hour. N.Y. Lab. Law § 652.

Employers are also required under the NYLL to notify the employees of "the rate or rates of pay and basis thereof," and the notice must be in writing in English and in the primary language of each employee. N.Y. Lab. Law § 195(1). Where an employee is not provided with this wage notice within "ten business days" of the first date of employment, the employee may recover $50 in civil damages each workday that the violation occurred, up to a maximum of $5,000. N.Y. Lab. Law § 198(1-b). In addition, under the NYLL, an employer must provide its employees with a wage statement for "every payment of wages" listing: dates of work covered by that payment of wages, the name of the employee, the name of the employer, the address and phone number of employer, and the rate or rates of pay and basis thereof. N.Y. Lab. Law § 195(3). Employees are entitled to recover "damages of two hundred fifty dollars for each workday that the violations occurred," up to a maximum of $5,000. N.Y. Lab. Law § 198(1-d). Plaintiff alleges that the Corporate Defendants failed to furnish him with wage statements and wage notices throughout the entirety of his employment (Compl. ¶¶ 47, 51). Plaintiff further alleges that he was paid in cash without a paystub. (Compl. ¶ 18; Inquest Tr. 21:6–22:8). Therefore, Plaintiff has established liability under his wage notice and wage statement claims.

\*       \*       \*

Accordingly, I respectfully recommend that Your Honor grant default judgment on Plaintiff's overtime, spread-of-hours, and wage notice and wage statement claims against Corporate Defendants and hold Corporate Defendants jointly and severally liable under the FLSA and NYLL. Because Plaintiff has established Corporate Defendants' liability, the Court turns to consider Plaintiff's damages.

IV.    Damages

Plaintiff seeks damages including: (1) unpaid overtime wages under the FLSA and NYLL; (2) unpaid spread-of-hours pay under the NYLL; (3) failure to provide wage notices and statements under the NYLL; (4) liquidated damages; (5) reasonable attorney's fees and costs; and (6) pre-judgment and post-judgment interest. (Pl's Mem. at 3–4, 6–8). For the reasons set forth below, I respectfully recommend that Plaintiff be awarded a total of $112,106.90 in damages, comprised of: $37,083.14 in unpaid overtime wages, $1,182 in unpaid spread-of-hours wages, $38,265.14 in liquidated damages, $10,000 in statutory damages; $14,624.62 in pre-judgment interest, plus $9.43 per diem until the date that judgment is entered, post-judgment interest in accordance with 28 U.S.C. § 1961, and $10,952 in attorney's fees and costs.

Plaintiffs in FLSA and NYLL cases are typically "not entitled to recover twice for the same injury." *Cao v. Wu Liang Ye Lexington Rest, Inc.*, No. 08 Civ. 3725 (DC), 2010 WL 4159391, at *2 n.2 (S.D.N.Y. Sept. 30, 2010). Instead of recovering under both, "a plaintiff may recover under the statute which provides the greatest amount of damages[.]" *Jiao v. Shi Ya Chen*, No. 03 Civ. 165 (DF), 2007 WL 4944767, at *17 (S.D.N.Y. Mar. 30, 2007). Here, the NYLL provides the greatest recovery because of the longer, six-year limitations period.[7] As such, I respectfully recommend awarding damages under the NYLL. *See Palaghita v. Alkor Cap. Corp.*, No. 19-CV-1504 (ARR) (RER), 2021 WL 4464121, at *10 (E.D.N.Y. Aug. 20, 2021) (recommending that the

---

[7] The FLSA provides for a two-year statute of limitations for enforcement of its provisions, or a three-year statute for "willful" violations. 29 U.S.C. § 255(a). "When a defendant defaults, the violation is considered 'willful,' and the three-year statute of limitations applies." *Rodriguez v. Queens Convenience Deli Corp.*, No. 09-CV-1089 (KAM) (SMG), 2011 WL 4962397, at *2 (E.D.N.Y. Oct. 18, 2011) (citing *Blue v. Finest Guard Servs., Inc.*, No. 09-CV-133 (ARR), 2010 WL 2927398 (E.D.N.Y. June 24, 2010)). The statute of limitations under the NYLL is six years. N.Y Lab. Law §§ 198(3), 663(3). Plaintiff commenced this action on October 20, 2022, claiming that he worked for Corporate Defendants during various periods between 2008 and 2021. (Compl. ¶ 16). Given the six-year statute of limitations under the NYLL, Plaintiff may only recover damages accrued after October 20, 2016.

plaintiffs be awarded damages under the NYLL because of the longer recovery period), *adopted by* 2021 WL 4463483 (Sept. 29, 2021).

While "the defaulted Complaint suffices to establish liability, the court must conduct an inquiry sufficient to establish damages to a 'reasonable certainty.'" *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir. 1999). "In an FLSA case, in the absence of rebuttal by defendants, plaintiffs' recollection and estimates of hours worked are presumed to be correct." *Ting Yao Lin v. Hayashi Ya II, Inc.*, No. 08 Civ. 6071 (SAS) (AJP), 2009 WL 289653, at *3 (S.D.N.Y. Jan. 30, 2009), *adopted by* 2009 WL 513371 (Feb. 27, 2009). Plaintiff's sworn testimony at the inquest hearing, as well as his pre- and post-hearing evidentiary submissions, is sufficient to ascertain damages. *See Santos*, 2022 WL 1003812, at 6* (holding that the plaintiff's sworn testimony describing the "dates of employment, hours worked per week, and wages paid, is sufficient to calculate damages"). Accordingly, the Court has ascertained the following damage amounts based on Plaintiff's testimony and supporting submissions.

A. Unpaid Overtime Pay Under FLSA and NYLL

Plaintiff seeks unpaid overtime wages under the FLSA and NYLL. (Compl. ¶¶ 24–33, 34–40). Under these laws, the employer must pay "one and one-half times the regular rate of pay for any hours worked in excess of forty per week." *Nakahata*, 723 F.3d at 200 (citing 29 U.S.C. § 207 (a)(1)). The overtime rate of pay, according to the FLSA, "shall be calculated based on the employee's regular rate of pay or the minimum wage, whichever is greater." *Bedasie v. Mr. Z. Towing, Inc.*, No. 13-CV-5453 (CLP), 2017 WL 1135727, at *36 (E.D.N.Y. Mar. 24, 2017), *adopted* by 2017 WL 6816331 (Dec. 21, 2017) (citing 29 U.S.C. § 207(a); 29 C.F.R. § 778.107)). Plaintiff testified that he worked 22 hours and 30 minutes of overtime each week throughout the

14

relevant employment periods. (Inquest Tr. at 15:18–17:14, 18:6–19:11). The Court calculates the unpaid overtime premium owed to Plaintiff for each period of pay by dividing the regular wage rate in half for the entirety of the relevant employment periods, given that Plaintiff earned a regular wage equal to or greater than the minimum wage at the time. *See Bedasie,* 2017 WL 1135727, at *42. The Court's calculations are outlined below:

| Pay Period | Weeks Worked | OT Hours Per Week | Actual Regular Hourly Rate | Applicable Statutory Minimum Wage | OT Premium (Reg. Hourly Rate/2) | Unpaid OT Wages |
|---|---|---|---|---|---|---|
| 10/20/2016–12/31/2019 | 166.71 | 22.5 | $18 | $9–$15 (at various points) | $9 | $33,758.77 |
| 1/1/2020–2/28/2020 | 8.28 | 22.5 | $15 | $15 | $7.50 | $1,397.25 |
| 9/1/2020–11/20/2020 | 11.42 | 22.5 | $15 | $15 | $7.50 | $1,927.12 |
| **Total unpaid overtime wages** | | | | | | **$37,083.14** |

Based on the above calculations, I respectfully recommend that the Court award Plaintiff $37,083.14 in total unpaid overtime wages.

B.  Unpaid Spread-of-Hours Under NYLL

Plaintiff seeks spread-of-hours pay under the NYLL. (Compl. ¶¶ 41–45). Pursuant to the NYLL, employees are "entitled to recover compensation for an extra hour of work at the minimum wage for each day that the employee works in excess of ten hours." *Man Wei Shiu v. New Peking Taste Inc.*, No. 11-CV-1175 (NGG) (RLM), 2014 WL 652355, at *10 (E.D.N.Y. Feb. 19, 2014) (citing 12 N.Y.C.R.R. 12 § 142–2.4). The Court calculates the spread-of-hours pay owed to Plaintiff as follows:

| Pay Period | Weeks Worked | Spread-of-Hours Days Per Week | Actual Regular Hourly Rate | Applicable Min. Wage | Spread-of-Hours Wages Owed |
|---|---|---|---|---|---|
| 1/1/2020–2/28/2020 | 8.28 | 4 | $15 | $15 | $496.80 |
| 9/1/2020–11/20/2020 | 11.42 | 4 | $15 | $15 | $685.20 |
| **Total unpaid spread-of-hours wages** | | | | | **$1,182** |

Based on these calculations, I respectfully recommend awarding Plaintiff $1,182 in unpaid spread-of-hours wages under the NYLL.

    C.  <u>Liquidated Damages Under NYLL Claims</u>

Plaintiff seeks liquidated damages under the FLSA and NYLL. (Compl. ¶¶ 33, 40, 45). NYLL permits recovery of "liquidated damages 'equal to one hundred percent of the total amount of the wages found to be due,' unless the employer provides a good faith basis for believing he or she was in compliance with the law." *Martinez v. Alimentos Saludables Corp.*, No. 16-CV-1997 (DLI) (CLP), 2017 WL 5033650, at *23 (E.D.N.Y. Sept. 22, 2017). Here, as the Corporate Defendants have defaulted, they have failed to make a showing of good faith. *See Chopen*, 2015 WL 1514390, at *10 ("As the defendants here have defaulted, they have not shown they acted in good faith."), *adopted as modified by* 2015 WL 1542082 (Mar. 31, 2015); *Blue v. Finest Guard Servs., Inc.*, No. 09-CV-133 (ARR) (CLP), 2010 WL 2927398, at *11 (E.D.N.Y. June 24, 2010) (holding that a defendant's default is sufficient to support a claim for liquidated damages). Accordingly, Plaintiff is entitled to recover liquidated damages, and I respectfully recommend that the Court award Plaintiff one hundred percent of the overtime pay and spread-of-hours damages that he is entitled to under the NYLL, amounting to a liquidated damages award of $38,265.14.[8]

---

[8] $37,083.14 [overtime wages] + $1,182 [spread-of-hours] = $38,265.14 in non-statutory damages.

D.  Statutory Damages

Plaintiff seeks statutory damages under the NYLL for wage notice and wage statement violations. (Compl. ¶¶ 47–49, 51–53). The Corporate Defendants failed to provide Plaintiff with wage statements and wage notices throughout the entirety of his employment (Compl. ¶¶ 47, 51), which amounts to 1,306 days.[9] Accordingly, Corporate Defendants would owe Plaintiff $250 in damages for each of the 1,306 days of his employment during which Plaintiff was deprived of wage statements, and $50 in damages for each of the 1,306 days of his employment during which Plaintiff was deprived of wage notices. Therefore, I respectfully recommend that the Court award Plaintiff the maximum statutory damage award of $5,000 for violating NYLL § 195(1) and the maximum statutory damage award of $5,000 for violating NYLL § 195(3), for a total of $10,000 in statutory damages.

E.  Pre-and-Post-Judgment Interest

Plaintiff requests pre- and post-judgment interest on damages. (Compl. ¶ 13; Pl's Mem. at 7). Under the NYLL, plaintiffs are entitled to pre-judgment interest on unpaid overtime wages and spread-of-hours damages, but they may not recover for statutory and liquidated damages. *Diaz*, 2022 WL 4646866, at *12. Thus, Plaintiff may only collect pre-judgment interest based on the unpaid overtime and spread-of-hours pay; he may not recover interest based on the statutory damages associated with Corporate Defendants' wage notice and wage statement violations. The interest shall be paid at a rate of "nine per centum per annum," and it must be computed from the "earliest ascertainable date that the cause of action existed." N.Y.C.P.L.R. § 5004(a), § 5001 (b).

---

[9] Within the relevant statutory period, Plaintiff's employment spanned from October 20, 2016 to December 31, 2019, January 1, 2020 to February 28, 2020, and September 1, 2020 to November 20, 2020. (Inquest Tr. at 10:10–11:19; ECF 24 at 2).

"Where unpaid wages 'were incurred at various times,'" one may calculate "simple prejudgment interest from a singular, midpoint date." *Maldonado v. La Nueva Rampa, Inc.,* No. 10 Civ. 8195 (LLS) (JLC), 2012 WL 1669341, at *11 (S.D.N.Y. May 14, 2012) (quoting N.Y.C.P.L.R § 5001 (b)); *see Cabrera v. Canela*, 412 F. Supp. 3d 167, 186 (E.D.N.Y. 2019) (holding that "the midpoint of a plaintiff's employment is [typically] a reasonable intermediate date for purposes of calculating prejudgment interest"). When considering the median date within the damages period, the Court must only consider the periods of employment that fall within the NYLL's six-year statute of limitations, as no legally cognizable damages accrued for Plaintiff's earlier periods of employment. *See Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14-CV-10234 (JGK) (JLC), 2016 WL 4704917, at *18 (S.D.N.Y. Sept. 8, 2016), *adopted by* 2016 WL 6879258 (Nov. 21, 2016). As such, the midpoint of Plaintiff's accrual of damages falls between October 20, 2016, and November 20, 2020, on November 4, 2018. Accordingly, I respectfully recommend that Plaintiff be awarded $14,624.62 in pre-judgment interest, plus $9.43 per diem until the date judgment is entered.[10]

In addition, Plaintiff is entitled to post-judgment interest. According to 28 U.S.C. §1961, "interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). This post-judgment interest is "'mandatory on awards in civil cases as of the date judgment is entered.'" *Tru-Art Sign Co., Inc. v. Loc. 137 Sheet Metal Workers Intl. Assn.*, 852 F.3d 217, 223 (2d Cir. 2017) (quoting *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996). Thus, I

---

[10] "Pre-judgment interest is calculated using the following formula: (total compensatory damages due to plaintiff) x (0.09/365) x (number of days from the midpoint date to the date the Clerk of the Court enters judgment)." *Diaz*, WL 4646866, at *12 n. 13. Here, the midpoint is November 4, 2018, and the Clerk of the Court entered default on February 1, 2023.

As such, pre-judgment interest is calculated as follows: Total Compensatory Damages ($38,265.14) × (0.09/365) × (1,550 [days between November 4, 2018 and February 1, 2023]) = $14,624.62.

Per diem interest is calculated as follows: Total Compensatory Damages ($38,265.14) × (0.09/365) = $9.43 per diem.

respectfully recommend that the Plaintiff be awarded post-judgment interest, calculated "from the date the judgment in this action is entered until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961." *Ore*, 2022 WL 19520879, at *14.

### F. Automatic Increase for Failure to Pay

Plaintiff claims that he is entitled to an automatic fifteen percent increase of the total amount of the judgment for "any amounts [that] remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after the expiration of the time to appeal and no appeal then pending, whichever is later." (Pl's Mem at 7–8); *see* N.Y. Lab. Law § 198(4) ("Any judgment or court order awarding remedies . . . shall provide that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of time to appeal and no appeal is pending, whichever is later, the total amount of the judgment shall automatically increase by fifteen percent."). However, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); *see Silge v. Merz,* 510 F.3d 157, 160 (2d Cir. 2007) (holding that plaintiff may not collect damages other than those specifically expressed in the complaint). Here, Plaintiff's Complaint is silent regarding the automatic fifteen percent increase or other late-payment penalty under NYLL §198(4). Rather, Plaintiff requested the automatic fifteen percent increase in his Motion, only after the Corporate Defendants defaulted. (Pl's Mem. at 7–8). Accordingly, pursuant to Federal Rule of Civil Procedure 54(c), I respectfully recommend that Plaintiff's request for such an increase be denied. *See Ore*, 2022 WL 19520879, at *14 (denying request for automatic increase where plaintiff only requested relief in motion for default judgment).

G.  Reasonable Attorney's Fees

Plaintiff seeks attorney's fees in the amount of $9,600. Both the NYLL and FLSA allow prevailing employees to recover "the costs of the action" and "a reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b); N.Y. Lab. Law § 198. Plaintiffs who are seeking reimbursement of attorney's fees "bear the burden of proving the reasonableness and the necessity of the hours spent and rates charged." *Fermin*, 93 F. Supp. 3d at 51. Also, "requests for attorney's fees in this Circuit must be accompanied by contemporaneous time records that show for each attorney the date the work was done, 'the hours expended, and the nature of the work done.'" *Id.* (quoting *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Kun Fung USA Trading Co. Inc.*, No. 07-CV-2568 (JG), 2012 WL 1414872, at *10 (E.D.N.Y. Jan. 20, 2012)).

A reasonable hourly rate may be ascertained by "multiplying the reasonable numbers of hours spent on a case by a reasonable hourly rate based on the prevailing hourly rate for similarly experienced attorneys in the district in which the court sits." *Santos*, 2022 WL 1003812, at *8. "Courts in the Eastern District of New York have recently awarded hourly rates" from "$70 to $100 for legal support," "$100 to $200 for junior associates," "$200 to $325 for senior associates," and "300 to 450 for partners" in FLSA cases. *Martinez v. New 168 Supermarket LLC,* 19-CV-4526 (CBA) (SMG), 2020 WL 5260579, at *8 (E.D.N.Y. Aug. 19, 2020) (collecting cases), *adopted by* 2020 WL 5259056 (Sept. 3, 2020)).

Plaintiff has submitted a declaration regarding attorney's fees, which details the time spent on this litigation as well as counsel's hourly rate. (Decl. ¶¶ 17 –18). Plaintiff requests $9,600 in attorney's fees and for 23.5 hours of work (ECF No. 24). The requested attorney's fees reflect the work of attorney Johnson Atkinson, who requests compensation at a rate of $400 per hour for his work on this case, and $200 per hour for his travel to the inquest hearing. (*Id.* ¶ 18). Mr. Atkinson

is a partner who has been practicing law since 2012. (*Id.* ¶ 4). Mr. Atkinson has experience in corporate, tenant, and personal injury litigation. (*Id.* ¶¶ 7–16). Nevertheless, "[r]ates of $400 per hour or higher in FLSA cases have generally been reserved for attorneys with more experience . . . ." *Lopez v. 1923 Sneaker, Inc.*, No. 18-CV-3828 (WFK) (RER), 2021 WL 1845057, at *10 (E.D.N.Y. Mar. 5, 2021) (collecting cases and reducing requested rate of $400 per hour in FLSA case for attorney with eighteen years of labor and employment experience), *adopted by* 2021 WL 1259623 (Apr. 6, 2021). Accordingly, I respectfully recommend that the Court award Plaintiff attorney's fees at the hourly rate of $375. *See Cohetero v. Stone & Tile Inc.*, No. 16-CV-4420 (KAM) (SMG), 2018 WL 565717, at *5 (E.D.N.Y. Jan. 25, 2018) (awarding $375 hourly rate for an attorney with "fifteen years' practice experience, including significant experience in FLSA and NYLL lawsuits.").

As to the number of hours worked, 23.5 hours is within the range of time spent on FLSA and NYLL default judgment cases in this District. *See Cuchimaque v. A. Ochoa Concrete Corp.*, No. 22-CV-6136 (RPK) (RML), 2023 WL 5152336, at *8 (E.D.N.Y. July 18, 2023) (collecting cases and finding 22 hours spent on an FLSA default judgment case reasonable); *Godwin*, 2021 WL 612336, at *13 (finding 21.4 hours spent on an FLSA default judgment action reasonable); *Garcia Lazaro v. Best Fish Mkt. Corp.*, No. 21-CV-5305 (BMC), 2022 WL 280768, at *2 (E.D.N.Y. Jan. 31, 2022) ("19.5 hours is a reasonable amount of time to obtain a default judgment" in an FLSA case). The Court likewise finds reasonable Plaintiff's request for one additional hour of attorney time at a rate of $187.50 per hour for Mr. Atkinson's travel in connection with the inquest hearing. As such, I respectfully recommend awarding attorney's fees for 23.5 hours at a rate of $375 per hour, and one hour at a rate of $187.50 per hour, for a total of $9,000.

H.  Costs

Finally, Plaintiff seeks costs totaling $1,952. (ECF No. 24 at 2). "Both the FLSA and New York state law provide for an award of costs." *Fermin*, 93 F. Supp. 3d at 52 (citing 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(4)). To recover these costs, plaintiffs are required to "submit adequate documentary evidence in support" of those costs. *See Tacuri v. Nithin Constr. Co.*, No. 14-CV-2908 (CBA) (RER), 2015 WL 790060, at *14 (E.D.N.Y. Feb. 24, 2015). Here, Plaintiff has submitted invoices for the following costs: an ECF filing fee ($402) (Receipts at 1); a Spanish interpreter for the July 19, 2023, inquest hearing ($555) (*id.* at 2); mailing of the docket sheet to the Defendants ($345) (*id.* at 3); service of the Summons and Complaint on the Defendants ($494) (*id.* at 4); the transcript of the July 19, 2023 inquest hearing ($156) (*id.* at 5). In total, Plaintiff has provided accounting for all requested costs. Therefore, I respectfully recommend that the Court award Plaintiff $1,952 in costs.

## **CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Motion for Default Judgment be granted in part and denied in part to the extent set forth in this Report and Recommendation. I recommend that default judgment be entered on Plaintiffs' FLSA and NYLL claims against the Corporate Defendants, jointly and severally, and that Plaintiff be awarded a total of $112,106.90 in damages, comprised of: $37,083.14 in unpaid overtime wages, $1,182 in unpaid spread-of-hours wages, $38,265.14 in liquidated damages, $10,000 in statutory damages; $14,624.62 in pre-judgment interest, plus $9.43 per diem until the date that judgment is entered, post-judgment interest in accordance with 28 U.S.C. § 1961, and $10,952 in attorney's fees and costs. I further recommend that the Motion be denied without prejudice as to Tejada Magaña, and denied with prejudice as to Acevea.

Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Diane Gujarati within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *See e.g.*, *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).


RESPECTFULLY RECOMMENDED.


_____

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: August 29, 2023
Brooklyn, NY